## CIRCUIT COURT OF FAIRFAX COUNTY

Thomas E. Ledford, Sr.

v.

Kimberlee Ledford
and Carole J. Whalen

October 17, 1991

Case No. (Chancery) 114162

By JUDGE RICHARD J. JAMBORSKY

This matter comes before the Court on defendants' Demurrer to the Amended Bill of Complaint. The Demurrer is overruled for the reasons set forth below.

The Plaintiff, Mr. Ledford, has stated sufficient facts to state a claim for the imposition of a resulting trust which would compel the defendant, Mrs. Whalen, to convey her interest to Mr. Ledford. The cause will be referred to a Commissioner in Chancery.

In order to rule on the Demurrer, it must be taken as admitted that at the time the property was conveyed, the grantees did not intend to give the Whalens any equitable interest in the property; the Whalens signed the settlement papers and appear on the deed as an accommodation to the Ledfords; and this was done to meet the credit requirements of the lender.

Mrs. Whalen can have a resulting trust imposed upon her even though she remains responsible to pay the purchase money loan if, as admitted by the Demurrer, there was an

understanding between the Whalens and the Ledfords that the Ledfords would assume that responsibility.

As the Plaintiff argues, *In the Matter of Patricia Ann Smith, Bankrupt*, 348 F. Supp. 1290 (E.D. Va. 1972), the Court, applying Virginia law, stated at page 1295, n. 1:

> Although the fact that the bankrupt was personally liable on the deed of trust is evidence tending to rebut the trust, the Court considers it by no means to be dispositive. The important issue is whether the bankrupt and Mrs. Bemiss understood, among themselves, that the latter would make the necessary payments.

In the present case, for purposes of the Demurrer, it is taken as admitted that "as between the Ledfords and the Whalens, the Ledfords assumed responsibility to make the payments on the purchase money deed of trust and did so." Therefore, as in *Smith*, there was an alleged understanding between the parties that Mrs. Whalen would have no obligation to make payments and was merely acting as an accommodation maker on the note.

> [I]t is well settled that when one person pays or assumes payment of the purchase price money or a part thereof, for property, but has legal title conveyed to another with no express mention of a trust on the face of the conveyance, a resulting trust arises from the transaction and the person named as grantee in the conveyance is a trustee for the party from whom the consideration is proceeded . . . . A resulting trust is a mere creature of equity, founded upon presumptive intention and designed to carry that intention into effect, not to defeat it.

*Kellow v. Baumgardner*, 196 Va. 247, 83 S.E.2d 391 (1954).

Contrary to Mrs. Whalen's assertion at page 7 of her memorandum, a party who borrows money to buy real estate can be the beneficiary of a resulting trust. *Gifford v. Dennis*, 230 Va. 193 (1985); *Salyer v. Salyer*, 219 S.E.2d 889 (1975). Mrs. Whalen argues that the resulting trusts

arose in those cases only because the lender agreed to release Gifford and because the loan was paid off in Salyer. However, as Mr. Ledford indicates, the time to determine when a resulting trust arises is at the time of the conveyance of the realty and is not determined by events occurring thereafter.

> When the deed is delivered, the status of the grantee's interest becomes fixed. It is either an absolute interest, held for his own benefit, or a mere legal interest with the beneficial or equitable interest in someone else.

Bogert, *The Law of Trusts and Trustees*, Rev. 2d Ed., sect. 456.

One looks to the intent of the parties at the time title was taken to the property to determine whether a resulting trust was created. Because Mr. Ledford has stated sufficient facts to support his allegations that it was the intent of the parties that the Ledfords assume all payment obligations, he has stated a cause of action for which relief can be granted.

American Home Funding (AHF) is not a necessary party to this suit because as Mr. Ledford states, no possible outcome could prejudice its interest. The imposition of a resulting trust does not affect the lender's status as a first lien holder on the property. *See Throckmorton v. Throckmorton*, 91 Va. 42, 47, 22 S.E. 162 (1895) (where the court stated that even if a resulting trust was found in favor of Mrs. Throckmorton, her interest would still be subordinate to the first lien holders, who were not made parties to the case). AHF will be secured by a first deed of trust on the property regardless of the outcome of this case. Therefore, the case should not be dismissed for failure to join AHF.

Mr. Ledford is not estopped to seek recognition of a resulting trust because title was taken jointly with Mrs. Whalen. *Salyer v. Salyer*, 216 Va. 521, 219 S.E.2d 889 (1975) (where two brothers took title to property jointly and the Court upheld the trial court's determination that one brother held title to the property in a resulting trust for the benefit of the other brother though both names appeared on the deed). *Gifford v. Dennis*, 230 Va.

193 (1985) (where the party seeking to impose the resulting trust held title jointly with the person ultimately declared the trustee of a resulting trust).

For the above stated reasons, there are sufficient facts to state a cause of action and the Demurrer is overruled.